UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLOYD J. MAYHORN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV1803 TIA |
| ) | |
| DANA THOMPSON, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner Floyd J. Mayhorn's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 (filed December 20, 2006/Docket No. 1). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On December 11, 2003, Petitioner was convicted by a jury in the Circuit Court of St. Louis City, Missouri, of second degree drug trafficking and sentenced as a prior and persistent offender to a term of five years. (Petition at 1; Resp. Exhs. A at 370, 384 and B at 44-48). Petitioner appealed the judgment, and on April 21, 2004, Petitioner filed a motion to voluntarily dismiss his direct appeal. (Resp. Exhs. B and D at 51). The Missouri Court of Appeals issued its Mandate on April 23, 2004. (Resp. Exh. C). On June 29, 2004, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. (Resp. Exh. D at 56-70). On October 15, 2004, Petitioner's appointed counsel filed an Amended Motion. (Resp. Exh. D at 72-84). The post-conviction relief court dismissed Petitioner's post-conviction motion on March 9, 2005. (Resp. Exh. D at 88-92). On December 22, 2005, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-

conviction relief. (Resp. Exh. G). On January 13, 2006, the Missouri Court of Appeals issued its Mandate. (Resp. Exh. H). Petitioner pursued no other action for review of his conviction and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on December 20, 2006, was filed in this Court on December 20, 2006, upon its receipt.

In the instant petition for writ of habeas corpus, Petitioner raises two grounds for relief. In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filling of the instant petition. For the following reasons, Respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered by either:

> (I) the conclusion of all direct criminal appeals in the State system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was never sought, in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Because Petitioner filed a motion to voluntarily dismiss his direct appeal, his state court judgment became final the day after the direct-appeal mandate issued by the Missouri Court of Appeals. Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008). The Eighth Circuit found that the statute of limitations starts to run the day after the direct-

appeal mandate issued by the Missouri Court of Appeals. Id. at 856. In the instant cause, Petitioner voluntarily dismissed his direct appeal on April 21, 2004, and the Missouri Court of Appeals issued the mandate on April 23, 2004. As such, the one-year period within which Petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced on April 23, 2004. Petitioner had until April 25, 2005, to file a habeas petition in federal court, unless the one-year limitation was subject to tolling.[1]

Under 28 U.S.C. § 2244(d)(2), however, the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). It is not pending, however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). The appeal of a post-conviction relief motion remains pending until the Missouri Court of Appeals issues its mandate. Lawrence v. Florida, 549 U.S. 327, 127 S. Ct. 1079, 1082-83 (2007) (Court refers five times to the issuance of the mandate by state court as the "final judgment"); Bishop v. Dormire, 526 F.3d 382,

---

[1]April 23, 2005, actually marks the end of the one-year period. However, because April 23, 2005, was a Saturday, it would have been excluded from the one-year time computation pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, and Petitioner would have had until April 25, 2005, to seek federal habeas relief. Fed. R. Civ. P. 6(a) (computation of time periods excludes the day of the act and includes the last day of the period unless it is a Saturday, Sunday, or legal holiday).

384 (8th Cir. 2008). The Eighth Circuit explained, in Williams, 299 F.3d at 983, as follows: Further, the statute is tolled once he files a timely and properly filed post-conviction relief motion and remains tolled until the mandate issues in his appeal. *See* Williams, 299 F.3d at 983 (holding that the limitations period is tolled "during the appeal period, even if the petitioner does not appeal.").

In this cause, Petitioner filed a motion for post-conviction relief on June 29, 2004, thereby triggering the tolling provision of § 2244(d)(2). All appellate review of the motion ended on December 22, 2005, when the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief, thereby ending the tolling of the one-year limitations period. Williams, 299 F.3d at 983; see also Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (time to seek certiorari after post-conviction review is not tolled). The Missouri Court of Appeals issued its mandate on January 11, 2006. As such, the limitations period in this cause was tolled from June 29, 2004, when Petitioner filed his motion for post-conviction relief, through January 11, 2006, the date upon which the Missouri Court of Appeals issued its mandate on Petitioner's appeal thereof. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (application for state post-conviction review is pending until the mandate is issued). Petitioner signed the instant petition on December 20, 2006, and filed the petition on the same date, 343 days after the conclusion of appellate review of his post-conviction motion.

The time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). As such, the time between April 23, 2004 (the date Petitioner's conviction became final), and June 29, 2004, (the date Petitioner filed his post-conviction motion), is not tolled and must be included in the period within which Petitioner could file a federal habeas petition. Therefore, this 67- day period counts against the one-year limitations period.

Totaling this period with the 343-day period which elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 410 days had elapsed prior to the filing of the instant habeas petition. On the record before the Court, the instant petition is untimely filed under the provisions of 28 U.S.C. § 2244(d)(1)(A); see Riddle v. Kemna, 523 F.3d 850, 853 (8th Cir. 2008) (en banc). Inasmuch as Petitioner did not file the instant petition for writ of habeas corpus until December 20, 2006, the petition is untimely filed and should be dismissed. 28 U.S.C. § 2244(d)(1).

While equitable tolling may salvage an untimely petition, it is "an exceedingly narrow window of relief." Riddle, 523 F.3d at 857 (*quoting* Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)). Petitioner has failed to demonstrate that "extraordinary circumstances beyond [his] control made it impossible for [Petitioner] to file [his] petition on time." Runyon v. Burt, 521 F.3d 942, 945 (8th Cir. 2008) (*quoting* Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999)). Equitable tolling will not work to save the instant petition, and Petitioner's claims are time-barred.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Floyd J. Mayhorn for a writ of habeas corpus be **DISMISSED** without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

Dated this __3rd__ day of December, 2008.

                                              /s/ Terry I. Adelman
                                            UNITED STATES MAGISTRATE JUDGE